[Dkt. Ent. 9]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| WHEATON INDUSTRIES, INC., <br><br>    Plaintiff, <br><br>    v. <br><br>AALTO SCIENTIFIC, LTD., <br><br>    Defendant. | Civil No. 12-6965 (RMB/JS) <br><br>**OPINION** |

APPEARANCES:

Fredric Paul Gallin
Methfessel & Werbel, PC
3 Ethel Road
Suite 300
P.O. Box 3012
Edison, New Jersey  08818-3012
    Attorney for Plaintiff

Alan Frederick Kaufman
McKenna Long & Aldridge LLP
230 Park Avenue
Suite 1700
New York, New York  10169
    Attorney for Defendant

**BUMB**, UNITED STATES DISTRICT JUDGE:

    This matter comes before the Court upon a motion to dismiss the complaint (the "Complaint") filed by Defendant Aalto Scientific, Ltd. ("Aalto"). (Dkt. Ent. 9.) The motion to dismiss argues in part that, pursuant to the first-to-file rule or 28

U.S.C. §§ 1404 and 1406, this Court should dismiss, abstain from, or transfer this action to the Southern District of California where a prior related action involving the same parties is currently pending. See <u>Aalto Scientific, Ltd. v. Wheaton Indus., Inc.</u>, No. 12-02972 (S.D. Cal.) (the "California Action"). For the reasons explained below, the Court transfers the action to the Southern District of California.

## BACKGROUND

This action arises out of a long-standing business relationship between Aalto and Wheaton Industries, Inc. ("Wheaton"), whereby Aalto purchased vials, stoppers, caps, and serum bottles from Wheaton. (Compl. ¶ 8.) These products were specifically designed by Wheaton for Aalto's use in connection with its manufacture of medical diagnostic testing serums and proteins. (See <u>id.</u> ¶¶ 7, 9, 15.)

Aalto had placed orders for certain specialty vials since at least 2009, and on March 29, 2011 it placed another order for such vials. (See Affidavit of Danine S. Freeman ("Freeman Aff."), Dkt. Ent. 13-3 ¶¶ 7-8; Compl. ¶¶ 9, 11.) In partial fulfillment of this order, Wheaton delivered products to Aalto on October 31, 2011. (Compl. ¶¶ 10-12.) Although Aalto accepted all deliveries, it failed to make payments for the products delivered or otherwise manufactured. (<u>Id.</u> ¶¶ 16-17, 20.) Instead, Aalto contended that the vials were defective. (Freeman

2

Aff. ¶ 10.) Aalto and Wheaton attempted to resolve the dispute concerning the alleged defects and delinquent payments, but negotiations deteriorated and then ceased sometime in 2012. (Id. ¶ 14.)

On October 19, 2012, Aalto's insurance carrier, Federal Insurance Co., filed a complaint in subrogation against Wheaton in the Superior Court of California. Federal Ins. Co. v. Wheaton Indus., Inc., No. 37-2012-00083899-CU-PO-CTL (Cal. Super. Ct.). The complaint alleges that the products Wheaton sold to Aalto were defective and unfit for use. (See, e.g., Declaration of Gary K. Brucker, Jr. ("Brucker Decl."), Ex. 2 ¶¶ 15, 24.)[1] The action remains pending in Superior Court.

Thereafter, on October 30, 2012, Aalto filed a complaint against Wheaton, also in the Superior Court of California, asserting nine causes of action, including breach of contract, breach of warranty, and fraud. Aalto Scientific, Ltd. v. Wheaton Indus., Inc., No. 37-2012-00084253-CU-BC-CTL (Cal. Super. Ct.). In addition, the complaint seeks a declaration that Wheaton's products are defective and therefore Aalto does not owe Wheaton for the defective products it has already accepted, and need not accept or pay for additional products. (See, e.g., Brucker

---

[1] For purposes of this motion, the Court takes judicial notice of the state court complaints attached as Exhibits 1 and 2 to the Brucker Declaration. See Fed. R. Evid. 201(b); United States ex rel. Geisler v. Walters, 510 F.2d 887, 890 n.4 (3d Cir. 1975); Cohen v. Telsey, No. 09-2033, 2009 WL 3747059 (D.N.J. Nov. 2, 2009).

Decl., Ex. 1 at 16.) On December 13, Wheaton removed the action to the Southern District of California, where it remains pending. Aalto Scientific, Ltd., No. 12-02972 (S.D. Cal.)

On November 8, 2012, Wheaton filed this action asserting claims for breach of contract, unjust enrichment, conversion, and breach of the duty of good faith and fair dealing arising out of Aalto's refusal to pay for the products it ordered on March 29, 2011. On December 14, 2012, Aalto moved to dismiss the Complaint, arguing that (1) the Court lacks personal jurisdiction over Aalto; (2) dismissal is warranted under the abstention doctrines set forth in Younger v. Harris, 401 U.S. 37 (1971) or Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976);[2] (3) dismissal, or at a minimum transfer, of the action is appropriate under the first-to-file rule or §§ 1404 and 1406; and (4) the Complaint fails to state a claim for conversion or punitive damages.

Because Wheaton had filed a motion to dismiss the California Action for, inter alia, lack of personal jurisdiction, the Court convened a conference call to discuss a possible stay of Aalto's motion to dismiss pending a decision by the Southern District of California. As a result of that

---

[2] In its reply in support of the motion to dismiss, Defendant acknowledged that these doctrines no longer apply as Wheaton removed the California Action to federal court on the eve of the filing of Aalto's motion to dismiss. (Def.'s Reply, Dkt. Ent. 14 at 7.) Therefore, Defendant has abandoned this argument.

4

conference, the Court administratively terminated Aalto's motion in the interests of judicial efficiency and fairness to the parties. (Dkt. Ent. 21.) Thereafter, on August 9, 2013, the Southern District of California denied Wheaton's motion to dismiss. Order, Aalto Scientific, Ltd. v. Wheaton Indus., Inc., No. 12-02972 (S.D. Cal.). Accordingly, Aalto's motion is now ripe for decision.

## ANALYSIS

### I. First-to-File Rule

Aalto argues that the Court should dismiss, abstain from, or transfer this action pursuant to the first-to-file rule.[3] This rule, also known as the first-filed rule, provides that, "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929 (3d Cir. 1941). This rule "encourages sound judicial administration and promotes comity among federal courts of equal rank." E.E.O.C. v. Univ. of Pa., 850 F.2d 969, 971 -972 (3d Cir. 1988). "The first-to-file rule applies where actions are truly duplicative such that a

---

[3] As an initial matter, the Court finds it is appropriate to consider Aalto's arguments for dismissal, abstention, or transfer pursuant to the first-to-file rule or 28 U.S.C. §§ 1404 and 1406. Although Aalto did not fully brief these arguments in its opening memorandum, it did raise the possibility that Wheaton's removal of the California Action to federal court the night before "would support a dismissal of this action pursuant to the first-to-file rule, as well as a transfer of this matter pursuant to 28 U.S.C. §§ 1404 & 1406, for the reasons set forth" in its memorandum. (Def.'s Mem., Dkt. Ent. 9, at 5 n.2.) Wheaton briefly addressed these arguments in its opposition to the

determination in one action leaves little or nothing to be determined in the other." Nat'l Cas. Co. v. Hertz Equip. Rental Corp., No. 12-5048, 2013 WL 2242653, at *1 n.4 (D.N.J. May 21, 2013) (citing Catlin Specialty Ins. Co. v. Plato Const. Corp., No. 10-5722, 2012 WL 924850, at *4 (D.N.J. Mar. 19, 2012)); see also Grider v. Keystone Health Plan Cent., Inc., 500 F.3d 322, 334 (3d Cir. 2007). However, the issues and parties need not be identical. Maximum Human Performance, Inc. v. Dymatize Enters., Inc., No. 09-235, 2009 WL 2778104, at *2-3 (D.N.J. Aug. 27, 2009), report & recommendation adopted by, 2009 WL 2952034 (D.N.J. Sept. 14, 2009).

The first-to-file rule permits a court to dismiss, stay, or transfer the later-filed action. See, e.g., Maximum Human Performance, 2009 WL 2778104, at *2; Keating Fibre Int'l, Inc. v. Weyerhaeuser Co., Inc., 416 F. Supp. 2d 1048, 1052-53 (E.D. Pa. 2006). In deciding a motion to dismiss, stay, or transfer pursuant to the first-to-file rule, a court must consider the same factors applicable to a motion to transfer under § 1404(a) (which Aalto has also made). Maximum Human Performance, 2009 WL 2778104, at *2; Nature's Benefit, Inc. v. NFI, No. 06-4836, 2007 U.S. Dist. LEXIS 62871, at *8 (D.N.J. Aug. 27, 2007). "If the factors balance in favor of the first to file rule, then a court

---

motion to dismiss (Pl.'s Opp., Dkt. Ent. 13 at 10-11), and Aalto fully responded in its reply (Def.'s Reply 7-10).

may properly dismiss, stay or transfer the second-filed action to avoid duplicative litigation under its 'inherent power.'" Nature's Benefit, 2007 U.S. Dist. LEXIS 62871, at *8-9.

**A. The First-to-File Rule Applies.**

As Wheaton concedes, because Aalto filed the California Action in the Superior Court of California on October 30, 2012,[4] and Wheaton filed this action on November 8, 2012, it is undisputed that the California Action was the first-filed action. (See Pl.'s Opp. 11.) The two actions involve the same parties as well as the same subject matter – Wheaton's alleged provision of defective products and Aalto's alleged failure to pay for those products. (See, e.g., Compl. ¶¶ 11-20; Brucker Decl., Ex. 1 ¶¶ 2-3.) Neither party disputes the nearly-identical nature of these two actions. Rather, Wheaton argues only that the Southern District of California does not have personal jurisdiction over it, but that court recently denied Wheaton's motion to dismiss on those grounds. Order, Aalto Scientific, Ltd., No. 12-02972 (S.D. Cal. Aug. 9, 2013) (finding sufficient contacts to support general and specific jurisdiction

---

[4] Although the California Action was not removed to the Southern District of California until after the New Jersey action was filed, the relevant date for purposes of the first-filed analysis is the date of the original filing. See, e.g., Jermax, Inc. v. AK Steel Corp., 2010 WL 2652276, at *6 (D.N.J. June 24, 2010) ("That the original suit began in state court and was removed to federal court is immaterial; the first-filed rule still looks to the original date of filing. Because Jermax commenced its action in New Jersey Superior Court before AK Steel filed its action in the federal court in Ohio, Jermax's suit is deemed [] the first filed.").

over Wheaton and holding that venue is proper in the Southern District of California). Thus, this Court and the Southern District of California have concurrent jurisdiction over nearly identical actions.[5] As Aalto points out, this is precisely the situation that the first-to-file rule is intended to avoid.

Wheaton suggests that the first-to-file rule does not apply here because Wheaton served the Complaint on Aalto before Aalto served it with the complaint in the California Action. The Court disagrees. "The filing of the Complaint, and not service, is the operative trigger for the first-to-file rule. Hence, it is not called the 'first-to-file-and-serve' rule." Allianz Life Ins. Co. of N. Am. V. Estate of Bleich, No. 08-cv-668, 2008 WL 4852683, at *4 (D.N.J. Nov. 6, 2008). Moreover, none of the circumstances that may permit a court to depart from the first-to-file rule exist here. Those circumstances include bad faith on the part of the party who filed first, forum-shopping, inequitable conduct, and where the second-filed action has progressed more quickly than the first. See, e.g., Nature's Benefit, 2007 U.S. Dist. LEXIS 62871, at *9. In the absence of such circumstances, the first-to-file rule applies.

---

[5] Aalto disputes that this Court has personal jurisdiction over it but acknowledges that, for purposes of this motion, "the Court may simply assume personal jurisdiction is proper." (Def.'s Mem. 8 n.1.)

8

**B. The 1404(a) Factors Favor Transfer.**

Having determined that the first-to-file rule is implicated by the present situation, the Court must now determine whether to dismiss, stay, or transfer the current action. In doing so, the Court must consider the same factors applicable to a motion to transfer pursuant to § 1404(a). Section 1404(a) permits a district court to transfer a civil action, for the convenience of parties and witnesses or in the interest of justice, to another district where the action may have been brought. In assessing whether a transfer is in the interest of justice, a court should "consider both the private and public interests affected by the transfer." Bus. Store, Inc. v. Mail Boxes Etc., No. 11-3662, 2012 WL 525966, at *3 (D.N.J. Feb. 16, 2012) (citation omitted). The private interests include:

> (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses (only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (only to the extent that the files could not be produced in the alternative forum).

Digital Tech. Licensing LLC v. Sprint Nextel Corp., No. 07-5432, 2011 WL 1899279, at *3 (D.N.J. May 19, 2011); see also Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The public interests include: 1) the enforceability of the judgment; 2)

practical considerations that could make the trial easy, expeditious or inexpensive; 3) any relative administrative difficulty resulting from court congestion; 4) local interest in deciding local controversies; 5) public polices of the fora; and 6) trial judge's familiarity with the applicable state law in diversity cases. Jumara, 55 F.3d at 879-80.

 Here, there is no question that venue is appropriate in the Southern District of California because "a substantial part of the events or omissions giving rise to the claim occurred" there. See 28 U.S.C. § 1391(a)(2). Specifically, Wheaton contracted with Aalto, a California company, to supply it with the purportedly defective vials. (Compl. ¶¶ 2, 8.) Wheaton manufactured the vials in New Jersey but shipped them directly to Aalto's facilities in California (Freeman Aff. ¶ 8), where Aalto used them to package their medical testing supplies (Compl. ¶ 9). Aalto also contends, and Wheaton does not dispute, that Alto's dealings with Wheaton were primarily conducted through Wheaton's California-based sales manager. (Declaration of Jeff Mauro, Dkt. Ent. 9-3 ¶ 7.) Notably, the Southern District of California found these connections to California sufficient to support specific personal jurisdiction over Wheaton. Order, Aalto Scientific, Ltd., No. 12-02972, at 3-5 ("Plaintiff's claims arising from the defective vials arise out of Defendant's forum related activities . . . ."); see also

10

Clark v. Burger King Corp., 255 F. Supp. 2d 334, 337 (D.N.J. 2003).

In addition, most of the private factors favor transfer to the Southern District of California. The only factor that weighs against transfer in this case is the plaintiff's choice of forum. Although "the plaintiff's choice of venue should not be lightly disturbed," Jumara, 55 F.3d at 879, that choice is not dispositive. Maximum Human Performance, 2009 WL 2778104, at *7. Wheaton's contract-based claims arise out of Aalto's nonpayment of invoices and receipt of products in California. Most significantly, however, there are two other actions involving the same factual background that are proceeding in California. These two related actions will necessitate production of the same witnesses and other documentary evidence as the instant case. Therefore, the convenience of the parties and witnesses strongly suggest permitting all of these related actions to proceed in a single forum.

For similar reasons, the public factors favor transfer. "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money . . . ." Continental Grain Co. v. Barge FBL–585, 364 U.S. 19, 26 (1960). Moreover, "[i]t is in the interests of justice to permit suits involving the same parties and issues to proceed

11

before one court and not simultaneously before two tribunals." Job Haines Home for the Aged v. Young, 936 F. Supp. 223, 233 (D.N.J. 1996) (quoting Ricoh Co. v. Honeywell, Inc., 817 F. Supp. 473, 487 (D.N.J. 1993)). The fact that there are two California actions related to the same subject matter and proceeding before two separate courts is complication enough. This Court will not add to it by permitting a third action to proceed before it.

The parties have presented no other compelling reason why this action should not be transferred to the Southern District of California. Therefore, because both private and public factors weigh in favor of transfer, the Court hereby transfers this action to the Southern District of California pursuant to the first-to-file rule.

**II. Motion to Transfer Under Section 1404**

Aalto also moved to transfer the action under § 1404. The Court considered the relevant factors as part of its analysis above under the first-to-file rule and finds that, in the alternative, § 1404 supports transfer to the Southern District of California.

In light of its ruling, the Court need not address Aalto's additional arguments for dismissal or transfer.

**CONCLUSION**

For the reasons set forth above, Aalto's motion to dismiss is granted in so far as it requests that this action be transferred to the Southern District of California, and is, in all other respects, denied.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
UNITED STATES DISTRICT JUDGE

DATED:  August 21, 2013